People v Humphrey (2023 NY Slip Op 04067)

People v Humphrey

2023 NY Slip Op 04067

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

565 KA 20-00927

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT HUMPHREY, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN R. HUTCHISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. MATTLE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered March 10, 2020. The judgment convicted defendant upon his plea of guilty of attempted robbery in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of two counts of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [4]). We agree with defendant that the waiver of the right to appeal is not valid because County Court's oral colloquy mischaracterized it as an "absolute bar" to the taking of an appeal (People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; see People v Williams, 186 AD3d 1112, 1113 [4th Dept 2020]). Further, although defendant also signed a written waiver of the right to appeal at that time, we may not consider whether that document corrected any defects in the court's oral colloquy because "[t]he court did not inquire of defendant whether he understood the written waiver or whether he had even read the waiver before signing it" (People v Bradshaw, 18 NY3d 257, 262 [2011]; see People v Mobayed, 158 AD3d 1221, 1222 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]). We nevertheless conclude that the sentence is not unduly harsh or severe.
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court