People v Woodward (2025 NY Slip Op 01744)

People v Woodward

2025 NY Slip Op 01744

Decided on March 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, GREENWOOD, AND HANNAH, JJ.

203 KA 22-00861

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY WOODWARD, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (AXELLE LECOMTE MATHEWSON OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, ACTING DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered April 11, 2022. The judgment convicted defendant upon his plea of guilty of burglary in the third degree (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of three counts of burglary in the third degree (Penal Law § 140.20). We agree with defendant that the waiver of the right to appeal is invalid and therefore does not preclude our review of his challenge to the severity of the sentence (see People v Thomas, 34 NY2d 545, 564-566 [2019], cert denied — US —, 140 S Ct 2634 [2020]; People v Humphrey, 218 AD3d 1354, 1354 [4th Dept 2023]; People v Martin, 213 AD3d 1299, 1299-1300 [4th Dept 2023]). Nonetheless, we conclude that the sentence is not unduly harsh or severe.
Entered: March 21, 2025
Ann Dillon Flynn
Clerk of the Court